IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV269-02-MU
(3:03CR70-4-MU)

RALPH AVANT,                        )
    Petitioner,                     )
                    )
        v.                          )          **O R D E R**
                    )
UNITED STATES OF AMERICA,            )
    Respondent.                     )
_____)

    **THIS MATTER** is before this Court upon an initial review of the petitioner's "Motion To Vacate, Set Aside, Or Correct Sentence" under 28 U.S.C. §2255, filed July 11, 2007.  For the reasons stated herein, the petitioner's Motion to Vacate will be summarily <u>denied</u> and <u>dismissed</u>.

## I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

    Pertinent to this Motion, the record reflects that on June 25, 2003, a Superceding Bill of Indictment was filed, charging that from about May 2002 up until the filing of the Indictment, the petitioner (along with 20 other individuals) conspired to possess with intent to distribute at least five kilograms or more of cocaine powder and at least 1000 kilograms or more of mari-juana, all in violation of 21 U.S.C. §§841 and 846.  Although the petitioner initially entered a plea of "not guilty" to that

Dockets.Justia.com

charge, on or about December 18, 2003, he entered into a written Plea Agreement with the government.

By the terms of the parties' Agreement, the petitioner agreed to plead guilty to the subject conspiracy charge in exchange for various concessions from the government.  The parties' Agreement also contained a stipulation that the amount of cocaine which was known to or reasonably foreseeable by the petitioner was "at least 1 kilogram but less than 15 kilograms."

With regard to the petitioner's post-conviction rights, the Plea Agreement stated that he and his attorneys had discussed his rights to a direct appeal and to collateral review, and had determined whether there were any potentially meritorious issues which might be relevant to an appeal or collateral motion.  In light of those discussions, the petitioner agreed to waive the vast majority of his direct appeal and collateral review rights. However, the parties' Agreement preserved the petitioner's right to challenge his conviction and/or sentence on the grounds of ineffective assistance of counsel and prosecutorial misconduct, and to challenge his sentence on the ground that it was imposed in violation of "explicit stipulations" set forth in the Plea Agreement.

Consequently, on February 20, 2004, the petitioner appeared before the Court for his Plea & Rule 11 Hearing.  On that occasion, the Court engaged the petitioner in its standard, lengthy

colloquy to ensure that his guilty plea was being intelligently and voluntarily tendered. After placing the petitioner under oath and hearing his answers to all of its questions, the Court determined that the petitioner's guilty plea was knowingly and freely made. Therefore, the Court accepted the petitioner's plea.

Next, August 30, 2004, the Court held the petitioner's Factual Basis & Sentencing Hearing. As an initial matter, the Court concluded that there was a factual basis to support the petitioner's guilty plea, and so it directed that a guilty verdict be entered against the petitioner. Next, the Court entertained the petitioner's challenge to the recommended sentence set forth in his Pre-Sentence Report.

More particularly, counsel for the petitioner argued that the Report's recommendation that the sentence be calculated on the basis of the petitioner's involvement with two kilograms of cocaine violated the petitioner's rights as identified in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004) because the petitioner had stipulated to involvement with only one kilogram of cocaine, not two. In response to that argument, counsel for the government stipulated that if the Supreme Court determined in the case of <u>United States v. Booker</u>, 543 U.S. 220 (2005)--which then was pending before the High Court--that <u>Blakely's</u> holding was applicable to federal defendants, then the petitioner would be entitled to a new sentencing hearing at which he could argue for

3

a sentenced based upon his involvement with one kilogram of cocaine.

Thereafter, the Court followed the Report's recommendations and concluded that the petitioner's total Offense Level was 25, his Criminal History Category was V, and that the corresponding range of imprisonment was 100 to 125 months imprisonment.  After hearing from defense counsel and the petitioner, the Court imposed a term of 100 months imprisonment upon the petitioner.  The petitioner timely noted his appeal to the Fourth Circuit Court of Appeals.

As anticipated, the petitioner's appeal argued that the Court had violated the rules from Blakely and Booker in imposing a sentence based upon his involvement with two kilograms of cocaine when he had admitted involvement with only one kilogram. United States v. Avant, No. 04-4706, slip op. at 2 (4th Cir. Aug. 29, 2005).  For its part, the government conceded that the petitioner had been erroneously sentenced, and was entitled to a new sentencing hearing at which he could argue for a sentence based upon his involvement with one kilogram of cocaine. Id.  Accordingly, the appellate Court allowed the petitioner's conviction to stand, but vacated his sentence and remanded his case for a new sentencing hearing. Id. at 3.

To that end, on October 25, 2006, the Court held a Re-sentencing Hearing for the petitioner.  During that proceeding,

4

the petitioner's new counsel argued that the petitioner's sentence should be calculated based upon his involvement with only one kilogram of cocaine.  However, the government presented testimony from Special Agent Harbison, who established that the petitioner had, in fact, been involved with at least two kilograms of cocaine.  Consequently, the Court concluded that the petitioner's total Offense Level had, in fact, been correctly calculated, and he was exposed to the same term of 100 to 125 months imprisonment.  Once again, therefore, the Court sentenced the petitioner to a term of 100 months imprisonment.

Interestingly, however, the petitioner did <u>not</u> appeal his case on any ground.  Instead, on July 12, 2007, the petitioner filed the instant Motion to Vacate, arguing simply that counsel was ineffective for having failed to challenge the Court's assessment of two criminal history points for his December 1992 convictions; and that the Court had plainly erred in including the two criminal history points in its calculations.

## II.   **ANALYSIS**

### 1. **This Court is authorized to promptly review and dismiss any §2255 motion which does not contain a claim that entitles the petitioner to relief**.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether

the petitioner is entitled to any relief on the claims set forth
therein.  In the event it is determined that the petitioner is
not entitled to relief, the reviewing Court must dismiss the
motion.

Following such directive, this Court has carefully reviewed
the petitioner's Motion to Vacate and the pertinent record
evidence.  As hereafter explained, such review clearly establish-
es that the petitioner is not entitled to any relief on either of
his two claims.

2.  **The petitioner's claim of sentencing
error is barred by the waiver pro-
vison set forth in his Plea Agreement**.

Taking them out of order, by his first second claim, the
petitioner asserts that the Court erred in including his 1992
convictions for possession of a stolen vehicle in its calculation
of his criminal history score.  That is, the petitioner argues
that such convictions were imposed more than 10 years before his
conviction in the instant case; therefore, it was not subject to
inclusion in the Court's calculations.

Notwithstanding the foregoing argument, however, it is clear
on this record that pursuant to the terms of his valid and en-
forceable Plea Agreement, that the petitioner has waived his
right to raise this challenge.  Indeed, as was previously noted,
by the terms of his Plea Agreement, the petitioner agreed to
limit his collateral challenges to allegations of ineffective

assistance of counsel, prosecutorial misconduct, and/or claims that his sentence was inconsistent with an "explicit stipulation" set forth in his Plea Agreement.

The Fourth Circuit repeatedly has approved the knowing and voluntary waiver of a defendant's appellate rights. <u>See, e.g.</u>, <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992); <u>United States v. Davis</u>, 954 F.2d 182, 185-86 (4th Cir. 1992); <u>United States v. Wessells</u>, 936 F.2d 165 (4th Cir. 1991); <u>and</u> <u>United States v. Wiggins</u>, 905 F.2d 51, 52-54 (4th Cir. 1990) (defendant may waive right to appeal, just as he may waive more fundamental rights such as the right to counsel and the right to a jury trial).

Even a cursory review of the petitioner's Motion shows that this particular claim does not challenge the conduct of either his former attorney or the prosecutor.  Furthermore, the petitioner's claim of trial Court error does not allege that his sentence was imposed in violation of an "explicit stipulation" in his Plea Agreement.  Moreover, the petitioner has not alleged that the waiver provision from his Plea Agreement somehow is unenforceable against him.  Consequently, this Court concludes that the Agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to the petitioner's attempt to challenge the Court's calculation of his sentence on this specific basis.

3.  **The petitioner's claim that counsel was
ineffective for failing to challenge the
Court's two-point assessment is baseless**.

Although the petitioner is not precluded from arguing that
counsel was ineffective for having failed to challenge the
inclusion of his 1992 conviction in the Court's calculation of
his Criminal History score, such fact is of little consequence in
light of the record of this case.

With respect to claims of ineffective assistance of counsel,
a petitioner must show that counsel's performance was constitu-
tionally deficient to the extent it fell below an objective
standard of reasonableness, and that he was prejudiced thereby.
Strickland v. Washington, 466 U.S. 668, 687-91 (1984).  In making
this determination, there is a strong presumption that counsel's
conduct was within the wide range of reasonable professional
assistance. Id. at 689; see also Fields v. Attorney Gen. of Md.,
956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865
(1985); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir.
1983), cert. denied, 464 U.S. 1065 (1984); and Marzullo v.
Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S.
1011 (1978).

Under these circumstances, the petitioner "bears the burden
of proving Strickland prejudice." Fields, 956 F.2d at 1297,
citing Hutchins, 724 F.2d at 1430-31.  If the petitioner fails to
meet this burden, a "reviewing court need not consider the per-

formance prong." <u>Fields</u>, 956 F.2d at 1290, <u>citing</u> <u>Strickland</u>, 466 U.S. at 697.

Moreover, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. <u>Sexton v. French</u>, 163 F.3d 874, 882 (4th Cir. 1998), <u>cert. denied</u>, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . <u>Strickland</u> if the 'result of the proceeding was fundamentally unfair or unreliable.'" <u>Id</u>., <u>quoting</u> <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993).

Most importantly, a petitioner who alleges ineffective assistance following entry of a guilty plea has an even <u>higher</u> burden to meet. <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. at 53-59; <u>Fields</u>, 956 F.2d at 1294-99; <u>and</u> <u>Hooper v. Garraghty</u>, 845 F.2d 471, 475 (4th Cir.), <u>cert. denied</u>, 488 U.S. 843 (1988). The Fourth Circuit described the petitioner's additional burden in a post-guilty plea claim of ineffective assistance of counsel as follows:

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice prong of the [Strickland] test is slightly modified. Such a defendant must show that there is a reasonable probability that, but for counsel's errors, <u>he would not have pleaded guilty and would have insisted on going to trial</u>."

<u>Hooper</u>, 845 F.2d at 475 (emphasis added); <u>accord</u> <u>Hill v. Lock-</u>

hart, 474 U.S. at 59; and Fields, 956 F.2d at 1297.

At the outset of its analysis of this claim, the Court notes that the petitioner does not assert or even suggest that but for counsel's alleged error, he would have pled "not guilty" and insisted on going to trial.  Therefore, it is not at all likely that the petitioner will be able to establish prejudice for this claim in any event.

Turning to his actual claim, the petitioner alleges that counsel should have argued that his December 1992 convictions for possession of two stolen cars should not have been included in the calculation of his Criminal History Category.

The petitioner's Pre-Sentence Report reflects that on December 10, 1992, he received two five-year terms of imprison-ment, suspended upon his completion of two 2-year active terms of imprisonment and two 3-year terms of supervised probation for his stolen vehicle convictions.  The record further shows that the petitioner was released from prison and placed on supervised probation in October 1993; and that in September 1994, his probation was revoked and he was ordered to serve a term of six months imprisonment.  Accordingly, the Court assessed a total of two criminal history points for those two convictions under the provisions set forth at U.S. Sentencing Guidelines §4A1.1(b) and 4A1.2(k).

Section §4A1.1(b)directs the Court to add two points for

"each prior sentence of imprisonment of at least sixty days not counted in 4A1.1(a)."  Section 4A1.2(k) directs that if a term of probation, parole or supervised release is revoked, the Court is to add to the original term of imprisonment to the term of imprisonment which was imposed upon revocation, and then use the resulting total to compute the criminal history points.  However, the Guidelines further direct the Court to exclude from its calculations any sentence which was "imposed more than ten years prior to the defendant's <u>commencement</u> of the instant offense . . . " (emphasis added).

Here, as was already noted, the petitioner was convicted of the vehicle-related charges in December 1992.  Upon his convictions, the petitioner was ordered to serve, and actually did serve, more than six months imprisonment, and later received and served an additional six-month term for his violation of his probation.  Equally critically, the petitioner's involvement/ commencement in the drug conspiracy for which this Court sentenced him began as early as November 2002.  Therefore, since the petitioner's November 2002 criminal conduct is within ten years of the imposition of his December 1992 two year sentences, the Court properly assessed two criminal history points for those convictions.

Moreover, even if the petitioner were not subject to two criminal history points for his December 1992 convictions, he

still would have been subject to a one-point assessment for those convictions under U.S. Sentencing Guidelines §4A1.1. That pro-vision directs district courts to impose one criminal history point for "each prior sentence not counted in [§4A1.1](a) or (b), up to a total of 4 points for this item." In that case, the petitioner would have had 10 criminal history points, instead of 11; however, his Criminal History Category would have <u>remained</u> at V as actually was determined, thereby exposing him to the same 100 to 125-month range of imprisonment. To put it simply, there-fore, the petitioner cannot demonstrate any prejudice on the basis of defense counsel's decision not to contest the inclusion of the subject two points because he received the same sentence he would have faced had the points been excluded.

## IV. <u>CONCLUSION</u>

The Court's initial review of the petitioner's Motion to Vacate and the relevant record evidence conclusively shows that he is not entitled to review of one of his claims, and he is not entitled to any relief on the other one. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to <u>dismiss</u> the instant Motion to Vacate.

## V. <u>ORDER</u>

**NOW, THEREFORE, IT IS HEREBY ORDERED t**hat the petitioner's Motion to Vacate is **DENIED and DISMISSED.**

**SO ORDERED.**

Signed: July 13, 2007

Graham C. Mullen
United States District Judge