```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                   CHARLOTTE DIVISION
                   3:07CV269-02-MU
                    (3:03CR70-4-MU)
```

| | | |
|---|---|---|
| **RALPH AVANT,** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|         v. | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|     **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before this Court upon the petitioner's "Motion To Cancel And Vacate 'Pro Se Motion To Request That The Honorable District Court Reverse' The July 13, 2007, Order Of Denial And Dismissal In Behalf Of Petitioner's 28 USC §2255 Filed On July 11, 2007, And Allow Petitioner To Amend Said 28 USC §2255," filed November 2, 2007 (document # 6).

The record of this matter reflects that on July 11, 2007, the petitioner filed a Motion to Vacate under 28 U.S.C. §2255, claiming that his former counsel was ineffective for his failure to challenge a two-point assessment for the petitioner's two 1992 stolen vehicle convictions; and that the Court's calculation of his criminal history was erroneous(see document # 1). However, by its Order of July 13, 2007, this Court determined that the petitioner's Motion had to be summarily denied and dismissed because his claim of sentencing error was waived under the terms

of his Plea Agreement, and his claim against counsel was baseless because the two-point assessment was correctly applied (see document # 2).

On September 7, 2007, the petitioner filed a document captioned as a "Pro Se Motion To Request That The Honorable District Court 'Reverse' The July 13, 2007, Order Of Denial And Dismissal . . . And Allow Petitioner To Amend Said 28 U.S.C. §2255" (document # 4). Such Motion essentially requested that this Court reconsider its Order of dismissal, albeit on the basis of a matter which was not even raised in the Motion to Vacate. In any event, the petitioner now has filed the instant Motion, asking the Court to "cancel" his September 7, 2007 Motion because he does "not wish the above motion processed by the [C]ourt . . . ." In support of this Motion, the petitioner explains that he wants to "clear the [C]ourt's docket and file anew whenever [he] finish[es his] due diligence."

The Court is not at all certain about what the petitioner believes he will be able to "file anew," particularly since 28 U.S.C. §2244 would require him to obtain pre-filing authorization from the Fourth Circuit Court of Appeals before he could bring a successive motion to vacate in this Court. Nevertheless, there is no question that the petitioner is entitled to withdraw his September 2007 Motion for reconsideration. Accordingly, the Court will grant the instant Motion, and will dismiss the

petitioner's earlier Motion as requested. However, to the extent that the petitioner is seeking to amend either his Motion to Vacate or his Motion for reconsideration, that request will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED"**

1. That the petitioner's Motion to Cancel and Vacate, filed November 2, 2007 (document # 6) is **GRANTED;**

2. That the petitioner's Motion for reconsideration, filed September 7, 2007 (document #4) is **DISMISSED;** and

3. That the petitioner's request to amend either his Motion to Vacate and/or his Motion for reconsideration is **DENIED.**

**SO ORDERED.**

Signed: November 6, 2007

Graham C. Mullen
United States District Judge